UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT JEREMY FROST,

        Plaintiff,

v.                                                  Case No:  6:24-cv-2024-LHP

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant

---

**MEMORANDUM OF DECISION**

Robert Jeremy Frost ("Claimant") appeals the final decision of the Commissioner of Social Security (the "Commissioner") denying his application for disability insurance benefits. Doc. No. 1. Claimant raises one argument challenging the Commissioner's final decision and, based on that argument, requests that the matter be remanded for further administrative proceedings. Doc. No. 12. The Commissioner asserts that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence, was decided by the proper legal standards, and should be affirmed. Doc. No. 13. For the reasons discussed herein, the Court finds that the Commissioner's final decision is due to be affirmed.

## I.     PROCEDURAL HISTORY.[1]

This case arises from Claimant's application for disability insurance benefits, filed on May 16, 2022, and alleging a disability onset date of May 15, 2018.  *See* R. 325-26.[2]  Claimant later amended his alleged disability onset date to May 1, 2022.  R. 802, 806.  His claims were denied initially and on reconsideration, and Claimant requested a hearing before an ALJ.  R. 180-96, 236-37.  A hearing was held before the ALJ on March 28, 2024, at which Claimant was represented by an attorney.  R. 67-95, 298-311.  Claimant and a vocational expert ("VE") testified at the hearing.  R. 67-95.

After the hearing, the ALJ issued an unfavorable decision finding that Claimant was not disabled.  R. 32-53.  On September 10, 2024, the Appeals Council denied Claimant's request for review.  R. 1-7.  Claimant now seeks review of the final decision of the Commissioner by this Court.  Doc. No. 1.

---

[1] The transcript of the administrative proceedings is available at Doc. No. 8, and will be cited as "R.___."

[2] The application summary states that Claimant applied for benefits on May 17, 2022.  R. 325-26.  But according to the ALJ's decision and other record evidence, Claimant filed the application on May 16, 2022.  *See* R. 35, 180, 300, 307, 322.  For consistency, and because the application date is not at issue in this appeal, the undersigned utilizes the application date stated by the ALJ: May 16, 2022.

## II. THE ALJ'S DECISION.

After careful consideration of the entire record, the ALJ performed the five-step evaluation process as set forth in 20 C.F.R. §§ 404.1520(a). R. 35-53.[3] The ALJ first determined that Claimant meets the insured status requirements of the Social Security Act through September 30, 2026. R. 38. The ALJ also found that Claimant had not engaged in substantial gainful activity since May 1, 2022, the alleged disability onset date. *Id.* The ALJ further found that Claimant suffered from the following severe impairments: peripheral neuropathy, rheumatic heart disease, chronic kidney disease, gout, obesity, degenerative disc disease of the cervical, thoracic, and lumbar spine, posttraumatic stress disorder ("PTSD"), neurocognitive disorder, major depressive disorder, generalized anxiety disorder, and cannabis dependence. *Id.* The ALJ concluded that Claimant did not have an impairment or combination of impairments that met or medically equaled the

---

[3] An individual claiming Social Security disability benefits must prove that he or she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ('RFC') assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(i)–(v), 416.920(a)(i)–(v)).

severity of a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.   R. 38-40.

After careful consideration of the entire record, the ALJ found that Claimant had the residual functional capacity ("RFC") to perform light work as defined in the Social Security regulations,[4] except that Claimant:

> can lift 20 pounds occasionally and 10 pounds frequently. He can sit, stand, and walk for up to six hours each in an eight-hour workday. He is limited to occasionally climbing, but must never climb ropes, ladders, or scaffolds.   He is limited to occasional bending, stooping, and balancing.   He must avoid concentrated exposure to wetness, humidity, vibration, fumes, odors, gases, poor ventilation, and hazards, such as heights and machinery.   He is limited to focusing, concentrating, and carrying out the duties of jobs unless those are jobs where the tasks are simple and with only occasional interaction with the public.

R. 40.   Based on the RFC and the testimony of the VE, the ALJ found that Claimant was unable to perform past relevant work, including as an intelligence specialist,

---

[4] The social security regulations define light work to include:

> lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.   Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.   To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.   If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567(b).

police officer, or sheriff, deputy.  R. 51.  However, considering Claimant's age, education, work experience, and RFC, as well as the testimony of the VE, the ALJ concluded that there were jobs existing in significant numbers in the national economy that Claimant could perform, representative occupations to include cleaner, housekeeping, bottling-line attendant, and bagger.  R. 51-52.  Accordingly, the ALJ concluded that Claimant had not been under a disability, as defined in the Social Security Act, from May 1, 2022, through the date of the decision.  R. 52.

## III.  STANDARD OF REVIEW.

The Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3). The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence.  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).  The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence

favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV.   ANALYSIS.

Claimant raises only one assignment of error: that the ALJ failed to apply the correct legal standards in consideration of Claimant's testimony regarding his pain and functional limitations. Doc. No. 12, at 4-9. Accordingly, this is the only issue the Court will address.

A claimant may establish disability through his or her own testimony of pain or other subjective symptoms. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). A claimant seeking to establish disability through his or her own testimony must show:

> (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

*Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002). "If the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate

- 6 -

reasons for doing so." *Foote*, 67 F.3d at 1561–62. The Court will not disturb a clearly articulated finding that is supported by substantial evidence. *Id.* at 1562.

If the ALJ determines that the claimant has a medically determinable impairment that could reasonably produce the claimant's alleged pain or other symptoms, the ALJ must then evaluate the extent to which the intensity and persistence of those symptoms limit the claimant's ability to work. 20 C.F.R. § 404.1529(c)(1). In doing so, the ALJ considers a variety of evidence, including, but not limited to, the claimant's history, the medical signs and laboratory findings, the claimant's statements, medical source opinions, and other evidence of how the pain affects the claimant's daily activities and ability to work. *Id.* § 404.1529(c)(1)–(3). Factors relevant to the ALJ's consideration regarding a claimant's allegations of pain include: (1) daily activities; (2) the location, duration, frequency, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of medication; (5) treatment, other than medication, the claimant receives for pain; (6) measures used for pain relief; and (7) other factors pertaining to functional limitations and restrictions to pain. *Id.* § 404.1529(c)(3)(i)–(vii).

Here, in the decision, the ALJ noted the two-step process outlined above, and summarized Claimant's subjective complaints as follows:

> The claimant alleges disability due to multiple myeloma, chronic kidney disease, peripheral neuropathy, carpal tunnel syndrome, gout,

> degenerative disc disease, PTSD, generalized anxiety disorder, and major depressive disorder. His cancer is in partial remission. He was admitted three times last year because his blood numbers go up and down. He is sick and tired all the time because cancer and chemotherapy has weakened his immune system. Chemotherapy also causes nausea and diarrhea. He has neuropathy in his feet and pain in his hands, back, and bones. He can lift 15 pounds, stand 5 minutes, and sit 15 minutes. He has difficulty grasping objects, typing on a computer and manipulating his fingers because of pain in his hands. He has a gout flare-up every 1.5 to 2 months. He suffered a heart attack on January 1, 2019, and he is awaiting treatment from a cardiologist at the VA. He has balance issues. Every 3 months, he gets dizzy and passes out because his blood pressure drops. On a scale of 1-10, his pain is usually between 6 and 7. He was awarded VA benefits for PTSD, generalized anxiety disorder, and major depressive disorder. Mentally, the claimant reported nightmares, irritability, anger, hypervigilance, difficulty focusing, concentrating, and interacting with others, and sleep disturbance (Exhibit 16E-19E, 25E, 26E, 35E, 42E, 53E, 59E-64E, 78E-87E, 83F, and Testimony). As for his daily activities, the claimant testified that he takes his children to and from school. He cooks 1-2 times a week. His wife reminds him to take medication. He stays at home the majority of the time.
>
> The claimant's wife, Rycaia Frost, stated that the claimant's neuropathy in his hands and feet, gout flare-ups, insomnia, and side effects from chemotherapy medications, such as forgetfulness, diarrhea, vomiting, bone pain, and joint pain, limit his ability to work. The claimant has difficulty lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, climbing stairs, and using his hands. He also has difficulty remembering, completing tasks, concentrating, and following instructions (Exhibit 34E).

R. 41.

The ALJ then stated that "[a]fter careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's

statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." R. 41. Immediately following this finding, the ALJ engaged in a lengthy summary of the medical evidence of record, R. 41-51, and identified several reasons not to fully credit Claimant's subjective complaints of disabling symptoms, to include normal examination findings, Claimant's course of treatment (including that Claimant did not undergo surgery or require repeated hospitalizations or emergency room treatment), and Claimant's activities of daily living. *Id.*

Claimant takes issue with the ALJ's reliance on his reported activities of daily living, specifically the ALJ's finding that Claimant's reported ability to "drive a vehicle, prepare meals, wash dishes, shop, and handle money," as well as "hunting and fishing 1-2 times a month" were not "strongly consistent" with Claimant's complaints of disabling symptoms and limitations. Doc. No. 12 at 7; *see also* R. 45.[5] Claimant argues that his participation in everyday activities of short duration, such as housework or fishing, does not preclude a disability finding. Doc. No. 12, at 7-8 (citing *Lewis*, 125 F.3d at 1441).

Upon consideration, the Court finds no error. First, Claimant's reliance on

---

[5] Claimant does not challenge the ALJ's reliance on Claimant's normal examination findings or Claimant's course of treatment to discount Claimant's subjective complaints.

*Lewis v. Callahan* is unpersuasive as *Lewis* involved the weight an ALJ gave to the opinions of consulting physicians over the opinions of treating physicians – an issue not before the Court in this case. *See* 125 F.3d at 1441. Here, however, the ALJ found that Claimant's performance of daily activities was one reason among several to discount his subjective complaints about the severity of his symptoms. R. 41-51. *See also Pagan v. Comm'r of Soc. Sec.*, No. 6:20-cv-791-EJK, 2021 WL 9628469, at *3 (M.D. Fla. Nov. 1, 2021) (rejecting similar argument). And post-*Lewis*, the Eleventh Circuit has clarified that an ALJ may consider a plaintiff's daily activities when evaluating subjective complaints. *See Majkut v. Comm'r of Soc. Sec.*, 394 F. App'x 660, 663 (11th Cir. 2010) ("Although a claimant's admission that she participates in daily activities for short durations does not necessarily disqualify the claimant from disability, that does not mean it is improper for the ALJ to consider a claimant's daily activities at all." (citing *Lewis*, 125 F.3d at 1441)).[6] *See also, e.g., Moore v. Barnhart*, 405 F.3d 1208, 1211–12 (11th Cir. 2005) (ALJ did not err in finding that claimant with fibromyalgia was capable of performing light work where claimant's subjective testimony was inconsistent with record evidence that claimant could drive, provide childcare, bathe, and care for herself, exercise, and perform housework). Indeed, Social Security Ruling ("SSR") 16-3p explicitly allows ALJs

---

[6] Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

to consider daily activities when evaluating a plaintiff's subjective complaints as to the severity of their symptoms. *See* SSR 16-3p, 82 Fed. Reg. 49462, 49465-66 (Oct. 25, 2017). Thus, it was not error for the ALJ to consider Claimant's daily activities, even those of short duration.

Second, as previewed above, the ALJ did not rely exclusively on Claimant's activities of daily living, but rather considered them along with the medical evidence of record in assessing Claimant's subjective complaints and testimony. R. 41-51. For example, the ALJ discussed numerous medical records demonstrating that his cognitive functioning, affect, interpersonal skills, motor activity, behavior, speech, concentration, attention, remote memory, thought process, judgment, insight, and functional status were within normal limits; that his mental condition improved with medication; and that Claimant did not require frequent hospitalization or emergency room treatment for symptoms related to a mental disorder. R. 42-45 (citing Exhibits 46F, 47F, 54F, 59F, 61F, 63F, 66F, 68F, 71F, 73F, 82F). The ALJ also discussed medical records that demonstrated Claimant did not require the issue of an assistive device for ambulation, at times had normal gait and was able to walk on his toes, heels, squat, and tandem walk, he had full bilateral strength during fine and gross manipulative activities, and did not require surgery or repeated hospitalizations or emergency room treatment for his physical conditions. R. 42-45 (citing Exhibits 28F, 42F, 43F, 46F, 47F, 48F, 49F, 50F, 51F, 61F,

63F, 70F, 73F, 81F, 82F).[7]

Because the ALJ considered both the medical evidence of record along with Claimant's activities of daily living, her consideration of Claimant's testimony was supported by substantial evidence, and there is no reversible error.  *See Markuske v. Comm'r of Soc. Sec.*, 572 F. App'x 762, 766–67 (11th Cir. 2014) (finding ALJ's discussion of objective medical evidence of record provided "adequate reasons" for ALJ's decision to partially discredit the claimant's subjective complaints of pain); *Thurston v. Kijakazi*, No. 8:21-cv-2369-JRK, 2023 WL 2674705, at *4-5 (M.D. Fla. Mar. 29, 2023) (finding that ALJ properly considered claimant's daily activities, which included preparing simple meals, cleaning, laundry, and washing dishes, along with other medical evidence, in assessing claimant's subjective complaints of pain and determining that claimant's fibromyalgia and other impairments were not as limiting as alleged); *Costa v. Comm'r of Soc. Sec.*, 593 F. Supp. 3d 1145, 1148 (M.D. Fla. 2022) (affirming ALJ's reliance on daily activities such as self-care, preparing simple meals, and washing dishes by hand to demonstrate that plaintiff's symptoms were not as limiting as alleged); *Nevels-Kent v. Colvin*, No. 5:14-cv-626-Oc-18MCR, 2015 WL 9266905, at *5 (M.D. Fla. Nov. 24, 2015) ("Here, the ALJ reviewed the record as a whole and determined that Plaintiff's testimony was

---

[7] The Court notes that with one exception discussed herein, Claimant takes no issue with the ALJ's assessment of the medical evidence of record.

inconsistent with her course of treatment, the effectiveness of her treatment, and her activities of daily living . . . The ALJ's findings are supported by substantial evidence." (citing *Carter v. Comm'r of Soc. Sec.*, 411 F. App'x 295, 297 (11th Cir.2011))). *See also Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011) (when reviewing the ALJ's credibility determination "[t]he question is not . . . whether ALJ could have reasonably credited [the claimant's] testimony, but whether the ALJ was clearly wrong to discredit it."). Moreover, the ALJ did not wholesale reject Claimant's testimony, but rather added "limitations in postural and environmental activities, modifications in his interactions with the public, and limitations to performing simple work-related decisions" to accommodate Claimant's symptoms. R. 46.

Claimant also argues that the ALJ erred in relying on three Adult Function Reports when determining the weight to give Claimant's subjective pain testimony. Doc. No. 12, at 8-9 (citing Exhibits 16E, 42E, and 53E). Claimant contends, without citation to any legal authority, that the ALJ should not have relied on the first report, as it was completed on October 26, 2020, which predates the alleged disability onset date, and therefore is not relevant to the period at issue. *Id.*, at 8. But "[t}here is no blanket prohibition against an ALJ's considering medical evidence that predates the alleged onset date." *Taylor v. Kijakazi*, No. 2:20-cv-00611-SRW, 2022 WL 891833, at *5 (M.D. Ala. Mar. 25, 2022). *See also Garrett v. Comm'r of Soc. Sec.*, No. 6:16-cv-

01516-CEM-GJK, 2017 WL 1460733, at *3 (M.D. Fla. Mar. 15, 2017), *report and recommendation adopted*, No. 6:16-cv-1516-CEM-GJK, 2017 WL 1438321 (M.D. Fla. Apr. 24, 2017) (noting that "[c]ourts within the Eleventh Circuit have found pre-onset date evidence to be significant so long as such evidence is: 1) within close proximity to the onset date; and 2) relevant to a claimant's impairments"); *Hamlin v. Astrue*, No. 3:07-cv-507-J-TEM, 2008 WL 4371326, at *4 (M.D. Fla. Sept. 19, 2008) (finding that evidence predating the alleged onset date must be considered because while "such evidence *may be* of little relevance, . . . it still is of relevance"). The Court therefore finds Claimant's argument in this regard unpersuasive.

As for the other two Adult Function Reports, it is unclear why Claimant argues error, as these reports both stated that Claimant was able to perform many of the same activities of daily living previously noted by the ALJ. Doc. No. 12, at 8-9 (citing Exhibits 42E and 53E). Claimant also cites to no legal authority on this point, and at most it appears that Claimant is arguing that the ALJ ignored certain limiting statements in the reports, *i.e.,* that the ALJ cherry-picked statements from the reports to support her conclusions. However, as discussed above, the ALJ considered a wealth of other medical evidence – none of which Claimant takes issue with – as well as Claimant's activities of daily living, and therefore the ALJ did not engage in cherry-picking to support her finding that Claimant's subjective complaints were inconsistent with the other evidence of record. *See Spires v.*

*Kijakazi*, No. 8:22-cv-1828-AEP, 2023 WL 5970923, at *8 (M.D. Fla. Sept. 14, 2023) (rejecting similar cherry-picking argument where ALJ noted extensive medical record and found plaintiff's subjective complaints were not entirely supported by the evidence).

Rather, Claimant's argument, at bottom, requests the Court to reweigh the evidence and find that it preponderates in favor of Claimant.  This the Court may not do.  *See Collins v. Comm'r of Soc. Sec.*, No. 8:22-cv-2404-DNF, 2024 WL 657364, at *5 (M.D. Fla. Feb. 16, 2024) ("A court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner" even though "the record may contain some evidence to support" claimant's position); *Flanagan v. Comm'r of Soc. Sec.*, No. 6:19-cv-01286-DCI, 2020 WL 3962226, at *4 (M.D. Fla. July 13, 2020) (affirming ALJ's finding that Claimant's testimony was inconsistent with the record, and noting that "[t]he question before the Court is whether the ALJ's decision is supported by substantial evidence, not whether the Court believes the evidence preponderates for or against Claimant's position or that of the Commissioner."). *See also Dyer*, 395 F.3d at 1210-11 (providing that an ALJ is not required to summarize the entire record in his decision or "cite particular phrases or formulations" in assessing the claimant's subjective allegations (internal quotation marks omitted)).

In sum, the Court finds the ALJ provided adequate reasons for discounting

Claimant's subjective complaints, and that those reasons were supported by substantial evidence.

## V. CONCLUSION.

Accordingly, it is **ORDERED** that:

1. The Commissioner's final decision is **AFFIRMED**.

2. The Clerk is **DIRECTED** to enter judgment in favor of the Commissioner and against Claimant, and to close the case.

**DONE** and **ORDERED** in Orlando, Florida on October 7, 2025.

*[Signature]*

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties